**UNITED STATES FIDELITY & GUARANTY CO. v. STATE INDUSTRIAL COM.**

No. 16169—Opinion Filed April 20, 1926.

Rehearing Denied Jan. 4, 1927.

1. **Master and Servant—Workmen's Compensation Law—Failure to Give Employer Statutory Notice of Injury—Excuse—Burden of Proof.**

Under the Workmen's Compensation Act, where the claimant does not give written notice of an injury within 30 days, as required by section 7292, C. O. S. 1921, but makes proof that actual notice of his injury was given to his employer within such statutory period, the burden of proof then shifts to the employer to show that, notwithstanding such actual notice, he was nevertheless prejudiced by the failure to receive such written notice.

2. **Same—Failure to Sustain Burden of Proof—Effect.**

Where the employer introduces no evidence to maintain the burden of proof, as thus shifted under the foregoing rule, the finding and order of the State Industrial Commission excusing the claimant for failure to give the statutory written notice on the ground that the employer is not prejudiced, are supported by the evidence, and the award based thereon will be affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

From an award by the State Industrial Commission in favor of Jim Bershinski against the Rock Island Coal Company, employer, and United States Fidelity & Guaranty Company, insurance carrier, the latter bring action to review decision. Affirmed.

Rittenhouse & Rittenhouse, for petitioners.

Counts & Counts, for respondents.

Opinion by ESTES, C. This is an original action to review an award of the State Industrial Commission in favor of Jim Bershinski, claimant, against the Rock Island Coal Company, employer, and United States Fidelity & Guaranty Company, insurance carrier. The Commission found:

"That the claimant herein failed to give

written notice of said accident within 30 days from the date thereof; that immediately following the 25th day of July, 1924, on which date the claimant was unable to continue in his employment, said claimant consulted a physician who advised him that he was suffering from sciatic rheumatism, and that said claimant was not informed until more than 30 days from said accident that his disability was caused by an injury to his pelvis.

"The Commission is of the opinion by reason of the aforesaid facts that the claimant's failure to give written notice within 30 days from the date of his accident, should be excused on the ground that the claimant could not give notice of the injury for the reason he was informed by the attending physician that he was suffering from sciatic rheumatism, and on the further ground that the respondent was not prejudiced by such failure."

Thereupon, the Commission made an order excusing claimant for failure to give written notice within 30 days from the date of the accident, awarding $18 per week from the date of the accident until termination of disability, or until otherwise ordered. The only question presented and argued involves the alleged error in excusing the failure to give such written notice. The statute provides, in part:

"The failure to give such notice, unless excused by the Commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It is thus seen that there are two general grounds for excusing the written notice: First, for some sufficient reason. This contemplates that there should be some showing or evidence which the Commission deems sufficient, and in such case, its finding cannot be disturbed if there is any evidence to support the same. The second ground for excusing is that the employer or insurance carrier has not been prejudiced by the failure to give such written notice. The record shows that the employer had actual notice within 30 days that some kind of injury had occurred to claimant. The first was given to its foreman, Mr. Woods; the second, being three weeks after the injury, to Mr. Jones, the superintendent; and request for medical services from the company's physician was made. It thus appears that the company had opportunity within the 30 days, by the actual notice, to investigate the injury and to minimize the same by any treatment if desired, and for

any other purpose contemplated by the law. It is well settled that prejudice to the employer is presumed from an omission to give the written notice provided by the statute. In the case of Oklahoma Gas & Electric Co. v. Thomas and Industrial Commission, 115 Okla. 67, 241 Pac. 820, the written notice was not given within the statutory time, but on two or three occasions, within that time, actual notice was given to the employer. In that opinion it is said:

"This evidence, together with the deductions logically to be made from it, certainly tended to show a want of prejudice to the respondent, since it had notice of the injury and an opportunity to minimize the effects thereof, and omitted to administer any relief. This evidence, we think, reasonably met the requirements of the burden of proof imposed upon the claimant, in the first instance, by the statute. * * *

"We are not to be understood as holding that the actual notice here shown operates to deprive respondent of the right to show that it has been prejudiced by the failure to give the written notice. We simply hold that, when claimant makes proof of actual notice of his injury, the burden of proof then shifts to the respondent to show that, in spite of such actual notice, it has still been prejudiced by the failure to give the written notice."

Numerous authorities are there cited to the effect that the employer may not be prejudiced for want of the written statutory notice, where he has full knowledge of the accident shortly after the happening thereof. Where the claimant gives notice, from which it may reasonably be inferred that the employer has not been prejudiced, as in the instant case, by actual notice within the 30 days, the burden of proof is thereby shifted to the employer to show that notwithstanding the actual notice, he has suffered prejudice for want of the written notice. This rule is countenanced in Cameron Coal Co. et al. v. Collopy, 102 Okla. 207, 228 Pac. 1100, by the statement in the opinion that:

"In the event claimant could show that the employer in fact had actual notice within the time, and did in fact make an investigation, or had all opportunity to do so, this would certainly show no prejudice."

In the instant case, the employer and insurance carrier do not contend that they attempted to sustain this burden of proof. We conclude that the finding and order of the Commission, excusing the failure of claimant to give the written notice on the ground that the employer and insurance carrier were not prejudiced by such failure, is not only supported by the quantum of evi-

dence sufficient to uphold the finding of the Commission on a question of fact, but is supported by a greater weight thereof. Accordingly, we find it unnecessary to determine whether there is evidence to support the excusing of the giving of the notice on the other ground found by the Commission.

Let the award be affirmed.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts, C. J. p. 105 §102; anno. L. R. A. 1917D, pp. 139, 141; L. R. A. 1918E, pp. 562, 564; 28 R. C. L. p. 825; 5 R. C. L. Supp. p. 1579.