## BECK MINING & ROYALTY CO. et al. v. SEAY et al.

No. 21132.   Opinion Filed July 8, 1930.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

E. H. Beauchamp and Commons & Chandler, for respondents.

HEFNER, J.   This is an original proceeding to review an award of the State Industrial Commission made on the 3rd day of February, 1930, wherein the Commission awarded J. D. Seay compensation for temporary total disability for 35 weeks and further awarded him the sum of $1,000 for compensation for serious and permanent disfigurement of his head and loss of hearing in the right ear.

Petitioners contend that the award is erroneous for the following reasons:

(1) That the claimant did not show that he gave written notice to his employer or insurance carrier within 30 days as provided by the statute or that his employer or insurance carrier had not been prejudiced by the failure to give such notice. Neither is there a showing that the employer or insurance carrier had actual notice of the injury within 30 days.

(2) That there is no competent evidence to sustain the finding that the claimant was temporarily totally disabled from May 18 to June 4 and from the 4th of June to the date of the order.

(3) There is no evidence to show that the loss of hearing in claimant's right ear was caused by the injury alleged.

(4) That there is no evidence to support the award of $1,000 for serious and permanent disfigurement to the claimant's head and loss of hearing in the right ear.

Under the first assignment of error it is claimed that the claimant did not show that he gave written notice to his employer or insurance carrier within 30 days, as provided by statute, and that there is no showing that the employer or insurance carrier had actual notice of the injury within 30 days. The injury complained of occurred on May 18, 1929. The claimant testified that on the day the injury occurred he told Less Simpson, boss of the shop, and under whom the claimant worked, of the injury. He also testified that within a few days after the injury the timekeeper was told of the injury. We think the evidence is sufficient to show that the company had actual notice of the accident and that the case comes within the rule announced by this court in the case of the Fidelity Union Casualty Co. v. State Industrial Commission, 130 Okla. 65, 265 Pac. 131, where it is said:

"As a general rule, the mere failure on the part of the claimant to give written notice of his injury in strict compliance with the terms of the statute will not bar a claim for compensation under the Workmen's Compensation Act where the employer had actual notice of the injury, in the absence of proof by the employer or insurance carrier that prejudice has resulted because of failure to give such written notice."

The petitioner did not urge this defense before the Commission and did not offer any testimony tending to show that it was injured or prejudiced because it did not receive the written notice within the 30 days. If it desired to rely on this defense, it was its duty to have urged such defense before the Commission. Not having done so, it is waived.

The second, third, and fourth assignments of error all go to the question of whether or not there was any evidence tending to support the finding of the Commission. We have carefully read the brief of the petitioners and the brief of the respondents, and after a careful consideration of the evidence, we think there is competent evidence in the record tending to support each finding made by the Commission. We do not deem it necessary to quote and discuss the evidence. The award of the Commission is affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, CULLISON, and SWINDALL, JJ.,

156

concur. HUNT, RILEY, and ANDREWS, JJ., absent.