## HAILEY-OLA COAL CO. v. STATE INDUSTRIAL COM. et al.

No. 21755. Opinion Filed Oct. 6, 1931.

William H. Fuller, George M. Porter, and J. L. Fuller, for petitioner.

Claud Briggs, for respondent.

CLARK, V. C. J. This is an original action filed in this court by petitioners to review an award of the State Industrial Commission made and entered on the 28th day of August, 1930, in favor of Robert Moore, wherein the said Robert Moore was awarded $750 for partial permanent loss of hearing.

The record discloses that the accident occurred on the 21st day of July, 1929, and the claim for compensation was filed with the Industrial Commission on October 5, 1929. The response filed by petitioners denied the claimant was injured while in the employ of Hailey-Ola Coal Company, or was injured as alleged in his complaint and claim; and alleged that he failed to give petitioners notice of said injury within 30 days after it occurred.

The record discloses that an explosion occurred while respondent Moore was in the mines of petitioner, which, respondent contends, injured his hearing.

Respondent testified that he was sent into the mine to do some repair work about 9 o'clock at night; that he came up near where the explosion occurred and that it hurt his ear; that he went the next day to Dr. Henry, and was later advised by Dr. Henry that his ear drum was bursted; that upon Dr. Henry's advice he went to see Dr. Brown and Dr. Thompson at Ft. Smith, Ark., that he went to see Drs. Brown and Thompson near the 1st of August; that upon respondent's return from Ft. Smith, he notified Tom Mitchel, the man under whom he was working, of his injury, and asked him to report it. Then, after a few days, did not remember how long, he asked Mitchel if he had made a report and he said no, that he would have to be away from work so many days before he could make a report. He told Mitchel he had been to Dr. Henry for treatment and that Dr. Henry was his family doctor.

Petitioner contends that failure to give written notice within 30 days from the date of the injury bars respondent from recovery and the Industrial Commission is without jurisdiction to enter an award.

This court, in the case of Beck Mining & Royalty Company v. Seay, 144 Okla. 155, 289 P. 1103, in the first paragraph of the syllabus, said:

"As a general rule, the mere failure on the part of the claimant to give written notice of his injury in strict compliance with the terms of the statute will not bar a claim for compensation under the Workmen's Compensation Act (Laws 1915, c. 246, as amended) where the employer had actual notice of the injury, in the absence of proof by the employer or insurance carrier that prejudice has resulted because of the failure to give such written notice."

In this case petitioner had actual notice within the 30 days after the injury, and the finding of the Industrial Commission that respondent was entitled to compensation was

a finding of everything necessary to entitle respondent to recover. The question of notice and the failure to give notice; the question of prejudice of insurance carrier and employer, resulting by failure to give notice **in writing**, should not be tried out by the Commission on a special hearing for that purpose alone; the question of whether or not employer and insurance carrier were prejudiced by failure to give notice must be determined by all of the facts and circumstances surrounding the injury and result thereof.

Judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.