## UNION COMPRESS & WAREHOUSE CO. et al. v. EVANS et al.

No. 21991. Opinion Filed Nov. 17, 1931.

Clayton B. Pierce, A. J. Follens, and A. M. Covington, for petitioners.

Reid, Lewis & Reid, for respondent Roy Evans.

CULLISON, J. This is an original action before this court to review an award of the State Industrial Commission made to Roy Evans on November 18, 1930. The record shows that on or about October 14, 1928, the claimant, Roy Evans, while employed by petitioner Union Compress & Warehouse Company, sustained an accidental injury to his second finger while unloading cotton. Said injury resulted in a torn finger nail on claimant's left middle finger, which became infected, and after some seven or eight lancings, was amputated. The record (page 3) further discloses that claimant was temporarily totally disabled, for which he received compensation in the sum of $403.80 for a period of 30 weeks for loss of the left middle finger; this payment being evidenced by filing of form No. 7, stipulation and receipt, with the Industrial Commission on June 11, 1929, the same being signed by the claimant and by L. L. Smith, adjuster for the insurance carrier, and stamped "closed" by the Commission (R. 3).

October 2, 1930, claimant filed his claim for compensation alleging a change in condition. Claimant alleged, in addition to having lost the second finger on the left hand, that he had at that time sustained a "permanent total loss of use of his left arm" as a result of infection following the injury (R. 5). November 18, 1930, the Commission made and entered its award, which award is in words and figures as follows, to wit (R. 84, 85):

"Order.

"Now, on this 18th day of November, 1930, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Oklahoma City, Okla., on November 7, 1930, before Chairman Thos. H. Doyle; the claimant appeared in person and by his attorney, Rayford S. Reid, the respondent and insurance carrier being represented by C. B. Pierce; and the Commission, after hearing the testimony taken at said hearing, exam-

ining all records and reports on file and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That on October 30, 1928, claimant herein was in the employ of the above-named respondent, engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that while so engaged sustained an accidental personal injury, arising out of and in the course of his employment with said respondent, the nature of the injury being a tearing of the nail on the middle finger on the left hand, resulting in blood poison of the left hand, which resulted in a 90 per cent. loss of the use of the left hand.

"(2) That the daily wage of said claimant was $3.50 at the time of this accidental personal injury.

"(3) That as a result of this aforementioned accidental personal injury, the claimant herein was temporarily totally disabled from October 30, 1928, to January 1, 1929, or for a period of eleven weeks and one day, entitling him to compensation in the sum of $150.30 for temporary total disability.

"(4) The claimant has heretofore received the sum of $403.80 as compensation in this case.

"The Commission is of the opinion: On consideration of the foregoing facts, that said claimant is entitled to compensation in the sum of $150.30 for temporary total disability as a result of the aforementioned accidental personal injury; and the sum of $2,422.80 as compensation for 90 per cent. loss of the use of the left hand, or 180 weeks, as a result of the aforementioned accidental injury, making a total sum of $2,573.10 now due claimant, less the sum of $403.80 heretofore paid as compensation in this case, leaving a balance due of $2,169.30.

"It is therefore ordered: That within 15 days from this date, the respondent or its insurance carrier pay to the claimant the sum of $2,169.30 as compensation for temporary total disability and for 90 per cent. loss of the use of the left hand.

"It is further ordered: That within 30 days from this date the respondent or its insurance carrier file with the Commission receipts or other proper reports evidencing compliance with the terms of this order."

Petitioners have filed petition in this court for a review of said order and award. Petitioners contend: "The State Industrial Commission was wholly without jurisdiction to make the order and award complained of."

Under this assignment of error, petitioners contend that the State Industrial Commission is without jurisdiction to make an award of compensation where a claim for compensation has not been filed with the Industrial Commission within the period of one year from the date of the accident, nor within one year from the date of the last voluntary payment of compensation, and rely upon section 7301, C. O. S. 1921, infra.

The evidence in this cause and the record certified to this court show that a settlement upon an agreed statement of fact was had June 9, 1929, between petitioners and claimant for a stated amount of compensation based on claimant's disability at that time. This said settlement was some seven months after the injury. Claimant's claim for compensation was filed almost 16 months after the date of the filing of the stipulation and receipt.

Petitioners contend claimant's claim is barred by reason of section 7301, supra, which provides:

"Rights—Barred after one year's neglect. The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission."

Section 7296, C. O. S. 1921, as amended, provides in part:

"Review of Awards. Upon its own motion or upon the application of any party in interest on the ground of a change in conditions, the Commission may, at any time, review any award, and on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act. * * *"

Section 7325, C. O. S. 1921, as amended by section 13, c. 61, S. L. 1923. provides in part:

"Amendment of Orders — Continuing Jurisdiction. The power and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified. * * *"

In the case of Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235 this court, in discussing section 7301, said, in the second paragraph of the syllabus thereof:

"As provided by section 7294, C. O. S. 1921, as amended by Sess. Laws 1923, c. 61, sec. 7, a memorandum or agreement as to facts with relation to an injury for which compensation is claimed under Workmen's Compensation Act, under form prescribed, signatures prescribed, filed as directed and approved by the Commission, is the basis of an award by the Commission. Such an agreement is a substitute for a claim and a hearing and an award, and compensation paid thereon is subject to review, under section 7296, C. O. S. 1921, and where a

claim or such substitute for a claim for compensation is so prepared and filed for compensation within one year after the injury, the limitation statute contained in section 7301, C. O. S. 1921, is not a bar."

Quoting further from the body of the opinion:

"Petitioner, Skelly Oil Company, seeks this review, contending: First: 'The claim of claimant is barred by the one-year limitation provided by section 7301, C. O. S. 1921, for the reason that he did not file a claim for compensation for injury to his right arm with the Commission within one year after the date of the injury.'

"Section 7301, C. O. S. 1921, provides: 'The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission.'

"The memorandum or agreement as to the facts herein entered into by the parties and filed under provisions of section 7294, C. O. S. 1921, as amended by Sess. Laws 1923, c. 61, p. 125, section 7, 'is the basis of the award of the Industrial Commission, and an award made thereon has the same force and effect as an award made upon a hearing and may be reviewed under the provisions of section 7296, Comp. Stat. 1921.' St. Joseph Mining Co. v. Pettitt, 90 Okla. 242, 216 P. 657.

"The stipulation was in lieu of a claim. It would not be compatible with our idea of justice to permit an injured workman to be lulled into a sense of security by an agreement as to the facts of an injury, paid thereon, and when the injury became aggravated by a change of condition, denied the benefits of section 7296, upon the ground that he had filed no claim and was therefore barred by the statute of limitation.

"So then we hold that the agreement as to the facts substituted for a claim. * * *"

This decision is in line with Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 Pac. 963, wherein this court construed section 7301, supra, as being a limitation upon the remedy and not upon the right itself.

At the time of filing said stipulation, some seven months after the injury, both parties came in and invoked the jurisdiction of the Industrial Commission for the purpose of passing upon the agreed statement of facts with relation to the accidental injury and the settlement for loss of finger, and the Industrial Commission assumed jurisdiction and approved the settlement by stamping at the bottom of said stipulation and receipt the word "closed."

Under the authorities herein cited, the stipulation and receipt filed within one year, in the instant case, after the injury was in lieu of and a substitute for the filing of a claim within one year.

It therefore appears that the filing of the aforesaid stipulation and receipt with the Industrial Commission within one year after the injury conferred jurisdiction of the case upon the Commission.

In the case of Marland Production Co. v. Hogan, 146 Okla. 220, 294 Pac. 115, this court said:

"This court has held that an agreement by the employer and employee as to the facts with relation to the injury and approved by the Commission under section 7294, C. O. S. 1921, under which agreement the employee has received a reasonable sum, is not a release of liability for the injury sustained, but is the basis of the award of the Commission. * * *

"When sections 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions."

In the instant case claimant's claim for compensation alleged change of condition, and at the hearing there was evidence before the Commission as to change of condition, which will be hereinafter discussed.

We are therefore of the opinion, and hold: The filing of a stipulation and receipt within one year after the injury with State Industrial Commission, signed by respondent and petitioners, confers continuing jurisdiction upon the State Industrial Commission for all future determination of questions of liability and further disability by reason of a change in condition due to the original injury.

For their second assignment of error, petitioners say: "The award is contrary to law." In support thereof, petitioners assert the award is contrary to law "in that it attempts to award compensation for disability to a hand when the undisputed evidence in the cause conclusively shows that the entire arm, of which said hand is a part, is totally destroyed by reason of disease, and such award is contrary to the purpose and intent of the Workmen's Compensation Law, which contemplates awards based on loss of function."

The evidence in this cause shows that at the time of the hearing had before the Commission, the claimant had a diseased condition, known as syringomyelia, which had

arisen some two years after the injury to the hand and left middle finger was sustained, and after the disability to claimant's hand had become fixed as a result of trauma. The evidence further shows that even though the condition of syringomyelia did arise, causing claimant a loss of use of the function of the arm due to the elbow, the condition of the hand was directly and proximately a result of the injury he sustained, and that the disability of said hand was present at the time the condition of syringomyelia arose in the elbow, and that as a specific injury there existed a loss of function in the hand.

The Commission found, after hearing the testimony, that the claimant was temporarily totally disabled for a period of 11 weeks and two days, and had a loss of 90 per cent. of the use of the left hand as a result of the injury. Thereupon the Commission directed the petitioners to pay claimant the sum of $150.30 for temporary total disability, and the sum of $2,422.80 as compensation for the 90 per cent. loss of the use of the left hand, or 180 weeks, all as a result of the aforementioned accidental injury, making a total sum of $2,573.10 due claimant, less the sum of $403.80 heretofore paid in this case, leaving the balance due of $2,169.30.

Section 7290, C. O. S. 1921, Session Laws 1923, c. 61, sec. 6, specifically provides under subdivision 3:

"Permanent Partial Disability: In case of disability, partial in character, but permanent in quality, the compensation shall be sixty-six and two-thirds per centum of the average weekly wages, and shall be paid to the employee for the period named in the schedule as follows: * * * Hand: For the loss of a hand, 200 weeks. * * *"

A total loss of a member and a permanent loss of use of a member are legally synonymous within the meaning of the Compensation Act, and where it appears that a claimant has sustained an injury resulting in the amputation of one of his fingers, and upon a subsequent hearing had before the Commission there is evidence of a change of condition due to the original injury, and claimant is adjudged to have sustained a permanent partial loss of the hand as a result thereof, claimant is not estopped to claim compensation for the permanent partial loss to the hand by reason of there developing thereafter a loss of function in the arm as a result of disease.

Petitioners contend for their third proposition that: "The award is based on conjecture and surmise and is not reasonably supported by any competent evidence." Dr. Standifer, attending physician, gave it as his opinion that trauma and bruise received by claimant at the time of the injury were the original cause of the infection (R. 28, 29, 30). He further testified, in substance, that this trauma affected a latent diseased condition (R. 34).

Dr. Shuler, testifying for petitioners, stated that the palm of the hand showed a scar with contracture (R. 41), and admitted on cross-examination that the condition of the hand could be due to trauma and infection (R. 49, 50). Dr. C. D. Moore, for the claimant, testified that there was a stiffness in the hand and limitation of motion in all the fingers (R. 57), and that the respondent gave him a history of severe infection in the hand, which showed to have been lanced, by reason of scars extending three-fourths across the palm of the hand and two and one-half inches in diameter (R. 58). Quoting from Dr. Moore's testimony:

"Q. Doctor, what is this claimant's hand commonly known as, claw hand A. Yes, sir. Q. What is that condition? A. Contraction of the fingers of the hand. Q. Does that condition frequently follow infection where there has been one or more operations? A. Yes, sir. * * *" (R. 58.)

Dr. Moore further testified that in his opinion claimant had from 90 to 100 per cent. permanent disability in the hand, and further testified that, taking into consideration the history of the case, the condition of claimant's hand was typical of the condition resulting from severe infection and frequent operative treatment. (R. 59.)

Dr. John W. Riley examined claimant at request of petitioners herein. His written report was admitted in evidence, and he states in his conclusions at line 7, page 78 of the record, that "This hand condition is apparently the result of his infection following his finger injury."

Taken as a whole, the record reveals ample medical testimony offered in this cause to support the findings of fact and conclusions made by the State Industrial Commission that claimant sustained 90 per cent. permanent loss of use of hand due to the accidental injury complained of.

This court has many times held that:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review." Nash-Finch Co. v. Harned, 141 Okla. 187, 284 Pac. 633.

Having held that the medical testimony in this case is wholly sufficient to sustain said award, and that the record discloses no error on the part of the State Industrial Commission, the petition to vacate said award is denied, and the award is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in conclusion.

Note.—See under (2) 28 R. C. L. 823; R. C. L. Perm. Supp. p. 6246. (3) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 58 A. L. R. 1382.