## EVANS-WALLOWER LEAD CO. et al. v. BAYLESS et al.

No. 22589.   Opinion Filed Jan. 19, 1932.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Robert C. Payne, and J. J. Smith, for respondents.

SWINDALL, J. We have here for consideration an original proceeding to review an award of the State Industrial Commission. On February 23, 1931, J. Bayless, an employee of the Evans-Wallower Lead Company, sustained an accidental personal injury in the course of and arising out of his employment as a mule driver under the ground pulling five cars on rails on an incline track 200 or 300 yards to the hoist in one of the mines of the Evans-Wallower Lead Company near Picher, Okla. The rope came off of the cable, and upon discovering this Bayless stepped off of one of the cars and his foot hit the rail and his feet went from under him and he received injuries consisting of contusion and abrasion from knee up the thigh to the hip, and an injury to his head which he did not consider serious at the time. He was immediately sent to a physician by his employer and the attending physician's report was sent to the State Industrial Commission on February 26, 1931, and on March 4, 1931, the employer reported the accident to the State Industrial Commission, in which they described how the accident occurred as, "riding trip of cars down incline when cable come off. He jumped off hurting leg," and then stated that medical attendance was furnished immediately. On March 10th the United States Fidelity & Guaranty Company, insurance carrier, notified the State Industrial Commission that compensation was started on the 1st day of March, 1931. On March 21, 1931, the claimant, J. Bayless, and the respondent, Evans-Wallower Lead Company, and insurance carrier, submitted the claim to the State Industrial Commission upon an agreed statement of facts on form No. 7 prescribed by

the Commission. On March 24, 1931, the State Industrial Commission entered its order, in which it is stated that this cause comes on to be considered pursuant to a stipulation and receipt filed by the parties herein on March 21, 1931, and the Commission having examined the record and having considered said stipulation and receipt, finds that the claimant was injured February 23, 1931; that disability ended March 15, 1931, and that claimant received compensation for temporary total disability to leg at the rate of $10.59 per week for said period of two weeks based upon wage of $2.75 per day. The Commission ordered that the amount so paid be approved, that the case be closed as to temporary total disability, the amount of permanent disability, if any, to be thereafter determined. On May 21, 1931. the claimant filed claim for compensation before the State Industrial Commission, in which he states the cause of accident to be, "car disconnected with cable let car run wild, claimant stepped off car and fell striking left side and head," and gave the nature and extent of injury, "bruised hip, knee, and head." Upon this claim for compensation being filed, a hearing was held at Miami, Okla., on June 10, 1931, and testimony taken, and on June 15, 1931, the Commission made and entered the following order:

"Now. on this 15th day of June, 1931. the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to a hearing had at Miami, Okla., on June 10, 1931, before Chairman Thos. H. Doyle. upon motion of the claimant to reopen cause and award further compensation. at which hearing the claimant appeared in person and by his attorneys, J. J. Smith and R. C. Payne; the respondent and insurance carrier appearing by H. R. Palmer, and the Commission, having considered the testimony taken at said hearing, examined and considered the records on file in said cause, and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That on February 23. 1931. the claimant, J. Bayless. was in the employ of the respondent herein and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that in the course of and arising out of said employment. the claimant, on February 23, 1931, sustained an accidental personal injury to his left side and head.

"(2) That on the 24th day of March, 1931. an order was made in this cause approving the amount of temporary total compensation paid on account of said injury and closing said cause as to temporary total compensation; the amount of permanent disability, if any, to be thereafter determined.

"(3) That since said date the condition caused by the bruise to the head has become worse and the claimant has been, since May 21, 1931, totally disabled to perform ordinary manual labor.

"(4) That the average wage of said claimant on the date of said injury was $2.75 per day.

"The Commission is of the opinion, upon consideration of the foregoing facts, that the claimant is entitled to compensation, at the rate of $10.50 per week from May 21, 1931, to June 10, 1931, being three (3) weeks and the sum of $31.77, and continuing thereafter weekly. at said rate of $10.50 per week, until otherwise ordered by the Commission, and also such reasonable medical expense incurred by claimant by reason of said injury.

"It is therefore ordered, that within 15 days from this date, the respondent or insurance carrier herein pay the claimant, J. Bayless, the sum of $31.77, compensation from May 21, 1931, to June 10, 1931, at the rate of $10.59 per week, and continuing thereafter weekly at said rate of $10.59 per week until otherwise ordered by the Commission, and also pay such reasonable medical expense incurred by claimant by reason of said injury.

"It is further ordered, that within 30 days from this date, the respondent or insurance carrier herein file with this Commission receipt or other proper report evidencing compliance with the terms of this order.

"Order by Chairman Thos. H. Doyle,

"Commissioner Fred H. Fannin, concurring."

Within the time provided by law, the respondent and insurance carrier commenced this proceeding to review said award. The only contention of the petitioners is that the claimant failed to give notice of the alleged injury to head as required by section 7292, C. O. S. 1921, which failure was not excused by the State Industrial Commission. We have carefully examined the record and the authorities cited, and are of the opinion that this contention is not well taken. The Commission evidently treated the claim for compensation filed May 21, 1931, as a motion to reopen on the grounds of change in conditions, or the Commission upon its own motion reviewed the case on the ground of a change in conditions which it had the right to do under section 7296, C. O. S. 1921. It was not necessary for the claimant to file the claim for compensation for the reason the stipulation filed March 21st relieved the claimant of filing a claim under the holdings of this court. It is well settled in this state that a memorandum or agreement as to the facts relating to an injury compensable under the Workmen's Compensation Law on the

form prescribed, and signed by the parties, and compensation granted thereunder, constitutes a substitute for a claim. To reverse the award made by the State Industrial Commission, the petitioners rely upon Hales v. Oklahoma Producing & Refining Company of America, 109 Okla. 286, 232 P. 42; Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100; Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; Velie Mines Corporation v. Rogers, 150 Okla. 185, 1 P. (2d) 353; and W. E. Edmiston Drilling Co. v. Russell, 151 Okla. 108, 1 P. (2d) 374. In the Hales Case, supra, the court said:

"It is not made to appear by the evidence that any suggestion was ever made by the claimant, or any one representing him, to any one representing the employer, that claimant was injured in any way in the course of his employment, although many opportunities were afforded for imparting such information. Neither the employer, nor the insurance carrier, had an opportunity, for more than six months after the injury is claimed to have occurred, to make any investigation as to whether the injury was suffered in the course of employment."

The other cases hold to the same effect. In our opinion this case is governed by the rule announced in the following cases: U. S. Fidelity & Guaranty Co. v. State Industrial Commission, 120 Okla. 277, 251 P. 597; U. S. Fidelity & Guaranty Co. v. Cruce, 129 Okla. 60, 263 P. 462; Lawrence v. State Industrial Comimssion, 120 Okla. 197, 251 P. 40; Beck Mining & Royalty Co. v. Seay, 144 Okla. 155, 289 P. 1103. In the Cruce Case, supra, the court said:

"In a proceeding for compensation before State Industrial Commission, where the evidence shows that respondent had actual notice of the injury and furnished immediate medical attention and made report two days after the injury to the Commission, giving full details of such injury, and where, at the hearing, respondent being present and represented by counsel, offered no evidence to show respondent has been prejudiced by failure of claimant to furnish written notice, such failure furnishes no ground for reversing or remanding the cause."

There is competent evidence in the record to show that as a result of the accidental injury the claimant received a bruise on his head, and that the company's doctor furnished him liniment to treat the same, and that he had been carefully examined by physicians furnished him by the company, and that an X-ray was made of his head, and that the doctors are of the opinion that he is now suffering from sarcoma, and that sarcoma may be produced by a slight trauma, about which the medical fraternity admits they do not know very much, but which is a disease that is very serious and is not known to be curable and usually results in death within a year.

We think the evidence contained in the record clearly justified the findings of the State Industrial Commission that there has been a change in the conditions of the claimant since the date of the original award. Loffland Bros. Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855.

The award is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.