## REINHART & DONOVAN v. ROBERTS et al.

No. 22929. Opinion Filed May 3, 1932.

Frank E. Lee and Jas. C. Cheek, for petitioners.

Mike Foster and Clay M. Roper, for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the respondent herein, hereinafter referred to as the claimant, against the petitioners.

On March 25, 1930, the claimant, while engaged in hazardous employment within the meaning of the Workmen's Compensation Act,

was struck on the shoulders by a descending elevator cage. A negro helped him while he walked out to his automobile. The claimant got in his car and drove it to the place where he was rooming. About two and one-half hours after the accident he was examined by Dr. Buchanan, who prescribed for him. The doctor went to his room four times and he went down to see the doctor four times. He returned to work on April 8th, and worked four days, when he and a number of other men were laid off. On April 3, 1930, the employer's first notice of injury was filed with the State Industrial Commission. The report of the attending physician was filed on April 8, 1930. On April 9, 1930, there was filed with the Commission a report of payment of compensation showing payment to the claimant of $21 up to April 8, 1930. On April 9, 1930, there was filed employer's supplemental report of injury. On April 10, 1930, there was filed a stipulation and receipt showing the period of disability to be one week and one day, and that the claimant had received $21 and had returned to work on April 8, 1930. On February 11, 1931, there was filed an order of the Commission approving the stipulation and receipt and ordering that the case be closed as to temporary total disability, the order reciting that "the amount of permanent disability, if any, to be hereinafter determined."

The claimant sought employment at various times. He was a carpenter foreman. There were many other men seeking employment and there was not sufficient carpenter work for all of them. During the last part of 1930, he worked four weeks for John J. Hardin until he "got done with that job." He worked one week during 1931, for an elevator company. He did not consult a doctor from April, 1930, when he last saw Dr. Buchanan, to the 22nd day of July, 1930, although he went to Dr. Buchanan's office and procured medicine, without seeing the doctor, a number of times. On July 3, 1931, the claimant filed employee's first notice of injury and claim for compensation. On the same day he filed a motion to reopen the case on the ground of change of condition resulting in a permanent partial disability. That motion was set for hearing on July 23, 1931. On July 21st the petitioners filed a motion to dismiss on the ground that the State Industrial Commission had no jurisdiction for the reason that no claim for compensation had been filed within one year after the date of the last payment of compensation. On the day set for hearing, the motion to dismiss was overruled. It was contended in the motion to dismiss that the motion

to reopen did not allege facts showing a change of condition which would authorize the Commission to consider the claim. The motion to reopen was sustained and a further hearing was had on August 21, 1931. On September 10, 1931, the Commission made the award which is now before this court for review.

The petitioners contend that the State Industrial Commission had no jurisdiction to make the award because the claim was barred by limitation. In support of that contention, they cite section 7301, C. O. S. 1921, and decisions of this court.

In Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235, this court held:

"Under Workmen's Compensation Act, by virtue of section 7301, C. O. S. 1921, the right to claim compensation is barred unless within one year after the injury a claim for compensation thereunder shall be filed with the Commission. Where such a claim or a substitute authorized by statute is filed for compensation within one year after the injury, the limitation is not a bar to continuing jurisdiction provided by law."

In Patrick & Tillman v. Matkin, 154 Okla. 232, 7 P. (2d) 414, this court held:

"When a stipulation and receipt on form prescribed by the State Industrial Commission is filed with the State Industrial Commission, it becomes a substitute for an original claim. If approved, it is the basis for an award. If disapproved, it is a substitute for an original claim and becomes the basis for a hearing to determine extent of disability."

In Union Compress & Warehouse Co. v. Evans, 153 Okla. 100, 5 P. (2d) 155, the memorandum agreement and stipulation entered into by the parties after the injury, and approved by the Commission, was held to be a substitute for a claim for compensation. See, also, Tulsa Lead & Zinc Co. v. Acary, 154 Okla. 205, 7 P. (2d) 417; Evans-Wallower Lead Co. v. Bayless, 154 Okla. 194, 7 P. (2d) 411, and Steffins Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103.

In the instant case the stipulation was entered into on April 9, 1930, only 15 days after the accident. The fact that no claim was filed on form 3 until July 3, 1931, does not bar the rights of the claimant, since under the authorities cited and the facts presented, it was not necessary for the claimant to file any other notice or claim.

The petitioners contend that there was not sufficient evidence of a change in the claimant's condition to authorize the Commission to reopen the claim, or to make the award complained of. They contend that

the only ground the Commission could have for reopening the claim would be on account of a change for the worse in the claimant's condition after the settlement and approval by the Commission, and that there was no evidence to support such a contention. They are in error in that contention. The order approving the settlement provided that "the amount of permanent disability, if any, to be hereafter determined." The Commission was authorized to make an additional award for temporary total disability on the ground of change of condition, if a legal change of condition was shown. Such is the uniform decision of this court. The Commission was authorized to make an award for permanent disability, if any existed, for it had made none, and it had reserved for future consideration the amount of permanent disability, if any. The Commission, in its findings, referred to the stipulation and receipt signed April 9, 1930, and the approval of the same by the Commission February 11, 1931, and said:

"* * * that claimant has since suffered a change of condition, and that claimant is now and has been at all times since July 13, 1931, temporarily totally disabled."

That finding is not supported by any competent evidence. The claimant admits that he was not temporarily totally disabled after the settlement. The most that he contends is that he is not able to do heavy manual labor, and that he is not able to do the kind of manual labor in which he was engaged at the time of the injury. He does not contend in his testimony that he is not able to perform some labor. Under the state of the record the claimant was not temporarily totally disabled at the time the award of September 10, 1931, was made. It may be, as contended by the claimant, that the Commission intended the language, "temporarily totally disabled" to mean "permanently totally disabled." The claimant bases that contention on the language in the award, as follows:

"Now, on this 10th day of September, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing had at Oklahoma City on July 23, 1931, before Inspector T. J. McConville, duly assigned to hear said cause, to determine extent of permanent disability, * * *"

From that language it would seem that the Commission was seeking to ascertain the amount of permanent disability, if any, and if so, this court, under the rule stated in Century Indemnity Co. v. Chamberlain, 152, Okla. 158, 4 P. (2d) 79, is authorized to disregard the language used and to hold that the award was for permanent total dis-

ability. Should we give the award that construction, we would be required to vacate it, for the evidence does not show that the claimant is permanently totally disabled. It shows that he is permanently disabled, but it in no wise shows that he is totally disabled. The record shows that this claimant goes about from place to place seeking employment; that there is nothing in his physical appearance to indicate that he is in any wise injured; that only his closest associates are able to observe any difference in his ability to work from his ability prior to the injury, and that he has worked whenever he could get a job. Two doctors testified in his behalf and each of them admitted that he can do certain kinds of work. Each of them says that his disability is approximately 50 per cent. Dr. Dardis testified on his behalf that he could do some light work, but that "If he had to go out and lift weights of one, two or three hundred pounds he could not." This doctor testified that his condition would continue indefinitely. Dr. Harris testified that the condition was permanent. The record is not sufficient to sustain an award for total disability, either temporary or permanent. The award for temporary total disability is vacated.

The evidence shows permanent partial disability. The State Industrial Commission should determine the percentage of the permanent disability and make an award based on that percentage under the statutory provision for permanent partial disability. Dr. Dardis testified that "The X-ray of the dorsal vertebra showed a dislocation of the first rotato"; that the entire spine was "not lined up properly"; that he "found some trouble around the fifth lumbar and the pelvis twisted to one side. The ilium is a little higher on the left side than the right, making the right leg a little longer than the left"; that the injury to the spine "would give him a certain amount of trouble in stooping, bending or lifting anything heavy"; that the claimant might do some light work; that such a condition might exist a "certain number of years," and that the claimant was not able to do manual labor at that time. Under that state of the record, the disability is what is known as "other cases" under the provisions of section 7290, O. O. S. 1921, as amended by section 6, ch. 61, Session Laws 1923. There is no showing in this record of the difference in earning capacity, as required by the provisions of that section.

Since the record shows permanent disability and since the healing period has long since expired, there cannot be an award

for temporary disability. The award should be for permanent partial disability.

The evidence does not show a legal change of condition since the time of the filing of the settlement. The claimant testified that he was in the same condition at the time of the last hearing as he was at that time, and his testimony is supported by the testimony of the physicians. The condition described by Dr. Dardis existed at the time of the settlement. There is nothing to show that it has changed since that time. Although the claimant complains of pain in his shoulders and back, and that he cannot stoop over to work, he admits that that condition existed at the time of the settlement. While the evidence shows that the claimant's earning capacity in the line of work for which he was capacitated was practically destroyed, and that to perform any such work would cause pain and suffering, it does not show that that condition is different from the condition of the claimant at the time of the settlement.

While in Sweetwater Gin Co. v. Wall, 153 Okla. 96, 5 P. (2d) 126, this court held:

"Workmen's Compensation Law does not require an injured employee to continue to work if it will cause him continuously to suffer serious discomfort and pain while he is so engaged. Joliet & E. Traction Co. v. Industrial Commission, 299 Ill. 517, 132 N. E. 794.

"Record examined. The award of the Industrial Commission finding that respondent has been temporarily totally disabled, without any wage-earning capacity, will not be vacated when there is any competent evidence reasonably tending to support the same"

—it did not therein hold, and it has never held, that a man with 50 per cent. ability to perform labor was totally disabled or entitled to compensation on the basis of total disability. That the claimant in this case is not totally disabled is shown by his own testimony that he has worked at various places whenever he could secure employment at work such as a partially disabled man could do.

The award is erroneous in another particular in that it computed compensation from July 13, 1931, to August 21, 1931, at 10 weeks, when the actual time between those dates was only 5 weeks and 4 days.

The award of the State Industrial Commission is vacated and the cause is remanded for further proceedings not inconsistent herewith.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (2), annotation in L. R. A. 1916A, 257; 28 R. C. L. 820. (5), annotation in 40 A. L. R. 1474; 28 R. C. L. 823.