### NOBLE DRILLING CO. et al. v. LINK et al.

No. 23093. Opinion Filed Nov. 22, 1932.

Rehearing Denied Jan. 7, 1933.

Frank E. Lee and Jas. C. Cheek, for petitioners.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for F. B. Link.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for State Industrial Commission.

SWINDALL, J. This is an original proceeding in this court to review an award of the State Industrial Commission entered November 5, 1931, in favor of F. B. Link, claimant before said Commission.

The transcript herein shows that the claimant, F. B. Link, received an accidental personal injury to the thumb of his right hand on the 12th day of March, 1925, while in the employment of the petitioner Noble Drilling Company. The employer's first no-

tice of injury and the attending physician's report were received by the Commission on March 18, 1925. In the latter the physician stated that the disability would likely last but three or four weeks, and that the injury had resulted in no permanent disability. On April 28, 1925, the Commission received a stipulation and receipt, signed by claimant, employer, and insurance carrier, which recited, among other things, that the injury occurred March 12, 1925, disability ended April 26, 1925, and that total compensation paid employee was $108, "in settlement and satisfaction of all claims for compensation or damages by reason of accident on or about the 12th day of March, 1925, while in the employ of Noble Drilling Co." At the bottom of this stipulation appears the notation "closed." There next appears approval of settlement by the Commission under date of April 30, 1925. The motion of claimant to reopen this case and award further compensation was filed with the Commission on May 5, 1931. In said motion the claimant alleged that he had suffered a change in conditions since the approval of settlement on April 30, 1925. The Commission heard evidence, and on the 5th day of November, 1931, made the award now complained of, in which it found in part as follows:

"(2) That compensation for temporary total disability sustained by claimant by reason of said injury has heretofore been paid and receipt for same filed with the Commission on April 28, 1925; the Commission's order approving said payment being made on April 30, 1925.

"(3) That the claimant has had a change of condition for the worse since April 28, 1925, as a result of which he now has a permanent disability of 50% loss of use of his right thumb."

The Commission then made an award to the claimant for permanent partial disability.

The petitioners herein raise three issues upon which they contend that the award should be vacated: (1) That the claim is barred by the statute of limitations, the claimant having failed to file a claim for compensation within one year; (2) that the claim herein involved is res adjudicata; and (3) that no change in conditions since the original award has been shown.

If the stipulation filed on April 28, 1925, constituted a claim within the meaning of the Workmen's Compensation Law, or a substitute for a claim, petitioners' first contention is untenable. This court has uniformly held that a stipulation and receipt constitutes a substitute for the claim re-

quired and forms the basis for an award. Skelly Oil Company v. Standley, 148 Okla. 77, 297 P. 235; Union Compress & Warehouse Co. v. Evans, 153 Okla. 100, 5 P. (2d) 155; Evans-Wallower Lead Co. v. Bayless, 154 Okla. 194, 7 P. (2d) 411; Patrick & Tillman v. Watkins, 154 Okla. 232, 7 P. (2d) 414; Tulsa Lead & Zinc Co. v. Acary, 154 Okla. 205, 7 P. (2d) 417. The stipulation and receipt entered in this case comes within these decisions, and under their doctrine was, in effect, a claim filed upon the 28th day of April, 1925, upon which the award of April 30, 1925, was made.

Petitioners' second contention is, in effect, that the original award adjudicated the claim now asserted for permanent partial disability, and that for that reason the Commission cannot determine it. The petitioners seem to be of the opinion that the Commission in making its award of April 30, 1925, determined both claimant's temporary disability and his permanent disability, and did not award him compensation for the latter because it found that he had none. For the purposes of this contention a decision of the point is unnecessary. If we assume that petitioners' view is correct, that is, that the Commission found at the time of the original award that claimant had no permanent disability, yet we think the Commission was authorized to reopen the award and grant further compensation under the terms and provisions of section 7296, C. O. S. 1921 [O. S. 1931, sec. 13362]. That section reads in part as follows:

"Upon its own motion or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time review any award and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded. * * *"

Under this section, an award, in the absence of a joint petition as provided for in the proviso to section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923 [O. S. 1931, sec. 13391] does not become final as to the future nature and extent of the injury, and the Commission is authorized to reopen the former award, consider the present nature and extent of the injury, and, if the facts justify, award further compensation, if it is shown by a party in interest, or the Commission upon its own motion (1) that a change in conditions has occurred since the former award, and (2) that such changed condition is due to the original injury. K. D. Oil Co. v. Datel, 145 Okla. 264, 292 P. 564; Skelly Oil Co. v. Thomas, 147 Okla. 86, 295 P. 213; Summers v. Bendelari, 128 Okla. 243, 262 P.

648; Loffland Brothers Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855. When it enacted this section into the statute, the Legislature seems obviously to have had in mind the fact that judgments with respect to the nature and extent of physical injuries, whether made by professionals in the field or by laymen, are in nearly all instances matters of opinion. Medical science is not so exact as to function with mathematical precision; its conclusions are subject to error, and this is especially so when its effort is to predict the future. The Commission acts finally upon its opinion of the present physical condition and the disability arising therefrom, but its acts upon its predictions of the future effect of the injury do not become final. An erroneous judgment of the future effect of an injury is one of the very things section 7296 was enacted to prevent. Thus, if the Commission, at the time of the original award, found upon competent evidence that the claimant's disability had ended, such finding cannot be conclusive if it later appears that the injury has actually resulted in permanent disability.

The Commission found in this case that there had been a change in conditions since the original award, and that such changed condition was a result of the original injury. Under our view of the law involved, if these findings were proper, the award must be sustained.

Petitioners, under their third contention, urge that there was no evidence to support the Commission's finding that there had been a change in conditions. Claimant testified that at the time of the original settlement, which was about 45 days after the injury, his thumb was still in splints that he removed the splints shortly thereafter and found the thumb sore, and bruised; and that it was crooked and drawn just like it is now. The evidence shows that the parties thought at the time the settlement was made that the thumb would recover without permanent disability. The undisputed evidence is that at the present time claimant's thumb is permanently partially disabled. Thus, it appears that, although the temporary total disability of claimant may have ended at the time of the award, the state of the physical injury was one of uncertainty; it was in a healing stage and its ultimate result could not be accurately determined. Under this evidence, if the Commission made a finding as claimed by petitioners, that claimant had no permanent disability, such finding, in the absence of a proceeding in this court within the time required by statute, became final as to the disability arising from the then physical condition. Yet such finding did not and could not become final as to disability which might arise from a change in that physical condition. The claimant was entitled to come in and show that he had suffered a change in his physical condition and that as a result thereof he had additional disability for which he was entitled to compensation. At the time of the award the condition was one of healing; at the present time it is undoubtedly permanent. This is clearly a change from a mobile state to one of permanence, and is a "change in conditions" within the terms and provisions of section 7296, supra. In the case of Lane & Wasson Co. v. Wright et al., 126 Okla. 53, 258 P. 728, this court announced the rule in the syllabus paragraph as follows:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

To the same effect is Magnolia Petroleum Co. v. Nalley et al., 156 Okla. 156, 10 P. (2d) 249.

One other question arises with respect to this aspect of the case—was there any competent evidence to show that the changed condition was due to the original injury? There was no evidence to show that any other injury had ever occurred to the thumb, the doctors testifying were all of the opinion that the injury described by claimant could result in the present condition, and the claimant testified that the present condition was due to the original injury. No objection was raised to his so testifying. This court held in Employer's Liability Assurance Corporation v. Grant, 147 Okla. 177, 296 P. 389, as follows:

"Where a witness testifies before the State Industrial Commission as to the nature and extent of his disability, and the same is not objected to upon the ground the witness is incompetent to testify, this court cannot say, as a matter of law, that the witness was incompetent. Petitioners failed to raise that question before the Industrial Commission, and it cannot be raised here for the first time."

It announced the same rule in syllabus paragraph 4 in the case of Hazel Atlas Glass

Co. v. Pendergrass, 152 Okla. 271, 4 P. (2d) 96.

For the foregoing reasons, we are of the opinion that there was competent evidence to support the findings and award of the State Industrial Commission. It follows that the award is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, McNEILL, and KORNEGAY, JJ., concur. CULLISON and ANDREWS, JJ., dissent.

Note: See under (2), annotation in L. R. A. 1917D, 189; 28 R. C. L. 828; R. C. L. Perm. Supp. p. 6254.