### JOHNSON & KEMNITZ DRILLING CO. et al. v. LIGGETT et al.

No. 23875. Opinion Filed May 31, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Ben C. Arnold, Leo J. Williams, and M. J. Parmenter, for respondents.

BAYLESS, J. This is an appeal by petitioners, Johnson & Kemnitz Drilling Company, the employer, and Travelers Insurance Company, the insurance carrier, from an award in favor of the claimant, T. R. Liggett, an employee of the drilling company. While Liggett was working for said company he received an accidental injury in the course of his employment and arising out of the employment when a water glass on the boiler exploded and struck him in the left eye. There is testimony that the right eye was scalded by the escaping steam. This happened December 2, 1927, and as a result of the injury to the left eye there was a total loss of vision for which Liggett was paid 100 weeks' compensation.

April 19, 1932, Liggett filed a motion to reopen the case on the ground of change of condition in that his right eye has since sustained a permanent partial loss of vision attributable to the original injury. Upon trial of this matter the Commission, after hearing testimony, found that Liggett has a loss of 30 per cent. of the vision of his right eye by a sympathetic condition caused by the injury to the left eye, and awarded compensation for 65 per cent. loss of vision, less what had already been paid. This appeal resulted.

The petitioners based their appeal upon what they say is an absence of competent evidence to sustain the finding of a loss of vision attributable to the original injury. They assert and insist upon the rule of law announced by this court in the case of Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971, which places the burden of proof upon the injured employee, seeking to reopen the case, to show two things: (1) A change of condition since the original award, and (2) that the change of condition is due to the original injury.

The claimant testified concerning the objective changes in the condition and vision of the right eye. The testimony of four eye specialists was received and considered by the Commission, all of whom agreed that there was a loss of vision in the right eye. Three of these eye specialists were unable to give an opinion as to what caused the loss of vision, but were of the opinion that the loss of vision was not in any wise attributable to the original injury. The testimony of the remaining eye specialist, Dr. A. L. Guthrie, upon direct examination, is that it is possible that the injury to the left eye and the globe of the left eye remaining in the head sightless and valueless brought on the trouble to the right eye. He says in another place that it is probable that the condition in the right eye is caused by the injury to the left eye. In another place he says that he "feels" that the loss of vision in the right eye is attributable directly or indirectly to the condition of the left eye, and in answer to questions propounded by the court stated that it was his opinion that the condition of the right eye is the result of the injury to the left eye.

The petitioners call Dr. Guthrie's testimony amazing, and use other adjectives indicating a complete lack of confidence in this testimony. There are many authorities containing comments upon the unsatisfactory character and nature of expert testimony and even of expert witnesses. However, even such cases, recognizing the unsatisfactory character and nature of such testimony, concede that it is admissible in evidence, that it has become a necessary part of our judicial system, and invariably treat the value and weight of such testimony as being a question for the jury. In this case Dr. Guthrie testified before the Commission, and the Commission had opportunity to see and observe him, to consider his opinion as compared to that of the other eye specialists, and having found as they did upon the facts, we are not at liberty to weigh the evidence to determine whether or not such finding of fact is correct.

We had somewhat a similar situation under consideration in the case of Skelly Oil Co. v. Skinner, 162 Okla. 150, 19 P. (2d) 548, and in answering a similar question raised in that case, we said:

"The answers raise several possibilities as to what he may have meant, but, when considered in connection with his direct testimony, seem to mean merely that he could not reduce the causation to a mathematical certainty, that it was his opinion. We cannot say, then, that there is no evidence in the record that the present loss of teeth is due to the original injury."

We, therefore, hold that there is some competent legal evidence in the record to support the finding of the Industrial Commission upon this point, and its award is therefore affirmed.

RILEY, C. J., CULLISON, V. C. J., and

SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.