## MAGNOLIA PETROLEUM CO. v. NALLEY et al.

No. 22683. Opinion Filed April 5, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent.

McNEILL, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission in favor of the respondent, W. R. Nalley, against the Magnolia Petroleum Company, a corporation, petitioner, made and entered on the 8th day of July, 1931.

On the first day of December, 1928, respondent and petitioner entered into a stipulation and receipt which was filed with the Commission on December 5, 1928, wherein it is recited: That the injury occurred November 12, 1928, disability ended November 22, 1928; that the nature of the injury was knee dislocated; and that the extent of the disability was temporary total. On September 2, 1930, respondent filed with the Commission a motion to reopen case and award further compensation, requesting the Commission to determine the extent of permanent disability. In said motion said respondent recites that he sustained an accidental personal injury arising out of and in the course of his employment with petitioner on November 12, 1928, at which time his knee was dislocated, and states therein that he was paid compensation for temporary total disability, but that he now has a permanent disability as result of said injury. A hearing was had on said motion on the 2nd day of April, 1931. The Commission at the conclusion of the testimony entered its award on the 8th day of July, 1931, finding that the respondent was injured in the employ of said petitioner on November 12, 1928, and the nature of said injury was a dislocated right knee; that, as a result of said injury, respondent was temporarily totally incapacitated from any kind of work from the date of the injury to November 22, 1928, and found that respondent was entitled to compensation at the rate of $18 per week for a period of 17½ weeks as a result of ten per cent. permanent partial disability to the right leg, amounting to the sum of $315.

Petitioner urges that the last payment in this case was on December 1, 1928, and the motion to reopen was not filed until September 2, 1930, more than one year having elapsed after said payment before the filing of said motion to reopen, and, no change of condition being alleged or proven, it is the contention of the petitioner that the case should be reversed with instructions to the Industrial Commission to dismiss the claim of respondent.

The respondent contends that the evidence is sufficient to show that respondent is entitled to compensation for permanent partial disability on the ground of change in condition. The respondent states in his motion that he was paid compensation, was temporarily totally disabled, and that he now has a permanent disability as a result of his original injury.

This court in the case of Hughes Motor Co. v. Thomas, 149 Okla. 16, 299 P. 176, said:

"Thereafter the claimant filed a motion to reopen the case, and claimed that he was permanently disabled. If his condition had grown worse since the first award was made, the Commission, of course, on this change of condition, had jurisdiction to hear and determine the same and make an award in accordance with the facts at the time the same was heard, because, when an employee is paid for temporary total disability and signs a stipulation and receipt, and an award is made thereon for temporary total disability, and it later develops that he has a permanent disability, then he is entitled to an additional award under section 7296, C. O. S. 1921."

To the same effect is the recent case of Peter Adamson Coal & Mining Co. v. Pringle, 155 Okla. 122, 8 P. (2d) 51.

A change from temporary total disability to permanent partial disability is a change in condition within the provisions of section 7296, C. O. S. 1921. There is expert testimony in the record to show that there was a change in condition in accordance with the finding made by the Commission. This finding is binding on this court.

The award is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.