## AMERADA PETROLEUM CORP. v. WHITLEY et al.

No. 22748. Opinion Filed April 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

C. H. Davis and E. W. Smith, for respondents.

McNEILL, J. This is an original action to review an order of the State Industrial Commission entered on the 24th day of July, 1931, awarding compensation to respondent, E. T. Whitley, and against petitioner, Amerada Petroleum Corporation.

Respondent was injured June 11, 1926, while in the employ of petitioner, in its gasoline plant in Okmulgee, Okla. On June 12, 1926, petitioner signed "employer's first notice of injury," which was filed with the State Industrial Commission on June 19, 1926, and which stated that the accident occurred while respondent was "working under a tower and wrench fell striking him below eye on cheek bone, cutting gash," and that the nature and extent of injury was "cut gash under right eye." Thereafter, on July 20, 1926, petitioner filed with the Commission its "report of initial payment of compensation," showing payment of compensation at the rate of $15.39 per week from June 17, 1926, to July 14, 1926. On October 5, 1926, respondent filed "employee's first notice of injury and claim for compensation" with the Commission. In this notice the cause of the accident was stated as "wrench fell and struck me below the eye," and the nature and extent of the injury was stated as "think will lose sight of right eye." On October 18, 1926, petitioner filed with the Commission its motion for determination of disability, and in which it asked that the payment of compensation theretofore made by petitioner from June 17, 1926, to September 27, 1926, be approved by the Commission, and "that the claimant be required to prove and show right to furnish compensation, and in the event of his failure so to do the respondent be relieved from further liability." A hearing was held before the Commission at Henryetta, Okla., on June 27, 1927, and on July 9, 1927, the Commission entered its order, the material parts of which are as follows:

"The Commission further finds that claimant has been paid compensation at the rate of $15.39 per week for and during the period of his disability as a result of the accidental injury sustained on June 11, 1926.

"The Commission is of the opinion, on consideration of the foregoing facts, that the claim of claimant for further compensation should be denied.

"It is therefore ordered: That the claim of E. T. Whitley for further compensation by reason of an injury sustained on June 11, 1926, be and the same is hereby denied and this cause dismissed."

This judgment became final.

On December 30, 1930, respondent filed a motion to reopen on the ground of a change of condition, setting forth therein that as a result of the injury which he sustained on June 11, 1926, while in the employ of petitioner he was temporarily totally disabled from the time of said injury to September 29, 1926, for which compensation was paid, but that, in addition to the injuries received from a falling wrench striking him on the head and causing several cuts, lacerations, and abrasions, he also has suffered therefrom "a loss of vision in the left eye which has steadily increased until at this time he is almost entirely blind." The record, however, shows that respondent had lost his left eye a few years prior to the accident. The Commission on June 25, 1931, entered its order awarding respondent compensation for permanent total disability at the rate of $15.39 per week until a period of 500 weeks had been paid, computing from December 30, 1930, less the amount theretofore paid. The findings of the Commission, in part, are as follows:

"2. That in the course of and arising out of his employment, said claimant, on the

11th day of June, 1926, sustained an accidental personal injury by a wrench falling from above, striking claimant under right eye. It is further found that said claimant has previously lost the complete sight of his left eye, and that as a result of the accidental personal injury herein, said claimant now suffers a 91 per cent. loss of vision to his right eye, which loss is complete and total for any practical purpose.

"3. That by reason of said accidental injury said claimant is now permanently and totally disabled, and is unable to engage in any gainful occupation."

Petitioner contends:

"By virtue of the provisions of section 7297, C. O. S. 1921, the order and award of the Commission of July 9, 1927, became final and conclusive after 30 days from the date thereof, and that order, after becoming final and conclusive, was res adjudicata as to the issues therein determined and decided."

It is the contention of the respondent that:

"The State Industrial Commission had jurisdiction to make the award of July 25, 1931, by virtue of the provisions of sections 7296 and 7325, Compiled Oklahoma Statutes 1921. and acts amendatory thereof, on account of change in condition of the claimant."

In its order of July 9, 1927, the Commission made no express finding as to whether the eye of the respondent was injured by the blow from the wrench or his vision affected thereby, but did find that the "claimant sustained an accidental injury which resulted in his being temporarily totally disabled from the date of the injury to September 29, 1926." The contention of the petitioner that the award of July 9, 1927, amounted to an adjudication, and that respondent's eye was not injured as a result of the accident, or that he had not suffered a loss of vision as a result thereof, is not supported by the record.

The record shows that immediately after the accident the petitioner sent respondent to Drs. White & White, eye specialists, of Tulsa, for examination, and in their report made July 17, 1926, and filed with the Commission on July 28, 1926, said doctors described their treatment as being a "thorough examination and treatment for eye," and that they did not know for what period disability would be likely to exist. Petitioner continued thereafter to make the payments of compensation to September 26, 1926. Such compensation, while not made in pursuance of an order of the Commission, was authorized and approved by the Commission in its order of July 9, 1927. The making of such payments and filing report of initial payment of compensation constituted an acknowledgment on the part of the petitioner that the respondent had sustained a compensable injury. At the hearing in 1927, evidence was introduced to show the condition of respondent's eye, but in the hearing in 1931, the evidence showed that there had been a marked change in the condition of the injured eye since the last award had been made, due to the original injury, and that the eye had become worse to the extent of about 91 per cent. loss of vision. Under the provisions of section 7296, C. O. S. 1921, the Commission had jurisdiction on the ground of change in condition to review the award and grant additional compensation.

Award affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., and CULLISON, J., absent.