WILLIAMS BROS., Inc., v. ADDISON et al.

No. 24195.   Opinion Filed May, 9, 1933.

Gibson, Maxey & Holleman (by T. W. Maxey), for petitioners.

Jack W. Page, in personam and for respondent J. L. Addison.

CULLISON, J.   This is an original proceeding in this court by Williams Bros., Inc., a corporation, petitioner herein, to review an order and award of the State Industrial Commission made and entered on September 29, 1932, in favor of J. L. Addison, claimant.

The record discloses that claimant received an injury to his left hand on January 16, 1927, while working as a day laborer on a pipe line gang for Williams Bros., Inc. Claimant filed his claim for compensation with the Commission on January 22, 1927. An agreement between employer and employee as to the facts, with relation to the injury and payment of compensation there-

for, was filed with the Commission, and thereafter, on March 8, 1927, the Commission entered its order approving said agreement and entered an award thereon for compensation for six weeks' temporary total disability in the aggregate sum of $138.50. Claimant executed a receipt acknowledging the payment of the sum awarded him by the Commission and the case was then closed. On June 30, 1932, claimant filed his motion to reopen on the ground of a change in the condition of his left hand for the worse, attaching thereto a medical report of Dr. O. A. Kirby. Pursuant to notices given, a hearing was had and testimony taken in said cause on September 8, 1932. Thereafter, on September 29, 1932, the Commission entered its order finding that the claimant had suffered a change in condition, and, by reason of that fact, reopened said cause and entered an award for 40 weeks' compensation, or a total of $615.20. Said award represented compensation for 20 per cent. permanent partial disability to claimant's right hand due to said accidental injury.

Petitioner herein filed its petition for review in this court in due time, in which it was alleged there was error in said award and judgment of the State Industrial Commission in eight particulars, which petitioner discusses under the following three propositions, viz.:

(1)   There was no competent evidence to prove a change of condition that would authorize the reopening of the cause and entering of a further award.

(2)   There was no evidence on behalf of the claimant that his condition existing at the time of the last hearing was a direct result of the original injury.

(3)   The Commission erred in awarding the compensation for permanent partial disability beginning June 30, 1932, the date of filing of the motion to reopen, and continuing thereafter for a period of 40 weeks.

We shall discuss petitioner's first and second propositions together, under the proposition of whether or not the record discloses sufficient competent evidence reasonably tending to support an award of the Commission upon the finding of a change in claimant's condition for the worse, since the last award, and due to the original injury.

Dr. Kirby testified at the last hearing that claimant has from 35 to 50 per cent. permanent disability (in his left hand), which the doctor believes to be due to the original injury in the absence of any other finding

that would cause it. Dr. Curt Von Wedel testified that when he dismissed claimant in March, 1927, he had a limitation of flexion (flection) of the index finger of 15 per cent. Dr. Von Wedel testified that claimant now has 5 per cent. permanent disability of the hand as a whole. The claimant testified that his left hand got worse five or six months after the settlement of May 8, 1927, for temporary total disability. He further testified that he got to where he had no strength in that hand, wrist, and arm, being unable to completely close his fingers. Claimant testified that he had never hurt his hand before or since the original injury of January 16, 1927.

We observe that the undisputed evidence is that claimant's hand is partially permanently disabled in some degree. At the time of the first award claimant's condition was one of healing; at the present time. it is undoubtedly permanent. This is clearly a change from a mobile state to one of permanence. and is a change in conditions within the terms and provisions of section 7296, C. O. S. 1921, which section reads in part as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, the Commission may at any time review any award. and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded. * * *"

In the case of Lane & Wasson Co. v. Wright, 126 Okla. 53, 258 P. 728, this court announced the rule in the syllabus as follows:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

To the same is Magnolia Petroleum Co. v. Nally, 156 Okla. 156, 10 P. (2d) 249. See, also, Noble Drilling Co. v. Link, 161 Okla. 238, 17 P. (2d) 971.

As to whether or not the record contains competent evidence to show that the changed condition was due to the original injury, we observe that claimant testified that no other injury had ever occurred to his hand. No objection was raised to his so testifying.

This court held, in Employers' Liability Assurance Corp. v. Grant, 147 Okla. 177, 296 P. 389, as follows:

"Where a witness testifies before the State Industrial Commission as to the nature and extent of his disability, and the same is not objected to upon the ground the witness is incompetent to testify, this court cannot say, as a matter of law, that the witness was incompetent. Petitioners failed to raise that question before the Industrial Commission, and it cannot be raised here for the first time."

It announced the same rule in syllabus paragraph 4, in the case of Hazel Atlas Glass Co. v. Pendergrass, 152 Okla. 271, 4 P. (2d) 96.

We further observe that claimant was paid compensation for temporary total disability under the first award, but never received compensation for permanent partial disability until the last award, herein complained of.

Petitioner's third and last proposition is that the Commission erred in awarding the compensation for permanent partial disability beginning June 30, 1932, the date of filing of the motion to reopen, and continuing thereafter for a period of 40 weeks. It is contended that the Commission awarded compensation to claimant for permanent partial disability some 316 weeks after the date the Commission found that the temporary total disability ceased. The cases of Magnolia Petroleum Co. v. Allred, 160 Okla. 126, 16 P. (2d) 78, and Industrial Track Construction Co. v. Colthrop. 162 Okla. 274, 19 P. (2d) 1084, are cited by petitioner. The cases cited announce a rule of law applicable to those cases which fall within the phrase found in section 13356, Okla. Stats. 1931, to wit, "Other Cases," and are not applicable to a case where the injury is to a specific member. The Commission can only award permanent partial disability for 200 weeks for an injury to a hand, and, not having exceeded that limit, has committed no error in its award of 40 weeks.

For. the foregoing reasons, we are of the opinion that there was competent evidence to support the findings and award of the State Industrial Commission. It follows that the award is affirmed.

SWINDALL, ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and OSBORN and BUSBY, JJ., absent.