## WHITE OAK REFINING CO. et al. v. WHITEHEAD et al.

No. 23030. Opinion Filed May 31, 1933.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Thomas P. Holt and J. B. Gilbreath, for respondent Whitehead.

Robert D. Crowe, Asst. Atty. Gen., for State Industrial Commission.

BUSBY, J. This is an original proceeding commenced in this court for the purpose of reviewing and vacating an award of the State Industrial Commission. The petitioner in this court was the respondent before the State Industrial Commission. The parties will be referred to in this opinion as they appeared before the Commission.

This is the second time this case has been presented to this court. The facts and circumstances concerning the injury suffered by the claimant and many of the legal problems herein involved are discussed and settled in the first opinion. For this reason a detailed statement of the case will not be made herein.

It appears from an examination of the record that on or about the 5th day of September, 1929, the claimant, Marion Whitehead, sustained an accidental injury arising out of and in the course of his employment while working for the White Oak Refining Company. Thereafter and on the first day of October, 1929, he filed his claim for compensation against the White Oak Refining Company and the Aetna Life Insurance Company, insurance carrier. The claimant was paid the sum of $80.79. On November 18, 1929, a stipulation and receipt signed by the respective parties was filed before the Commission, and thereafter on the 24th day of January, 1930, such stipulation and receipt was approved by order of the Commission and the amount paid for temporary total disability was approved. The stipulation and receipt approved by the Commission recited that the claimant's disability was temporary total and that the disability had ceased on October 19, 1929.

Thereafter the claimant filed a motion to reopen the cause and award further compensation, and pursuant to a hearing thereon the State Industrial Commission made an order on January 13, 1931, awarding the claimant further compensation for temporary total disability. For the purpose of vacating the award thus made the respondents instituted a proceeding in this court, styled White Oak Refining Company v. Whitehead, same being cause No. 22088. The questions involved in that case were decided by this court on June 16, 1931, and the opinion in connection therewith is re-

ported in 149 Okla. 297, 298 P. 611. The decision of this court vacated the former award of the Industrial Commission and remanded the cause for further proceeding not inconsistent therewith.

After the cause was remanded to the Industrial Commission further testimony was introduced and on the 17th day of October, 1931, the State Industrial Commission made an order determining that as a result of the accident the claimant had suffered a permanent partial disability and had sustained by reason thereof a decrease in earning capacity, finding specifically that the earning capacity had decreased from $3.60 to $1 per day as a result of the accidental injury sustained. The Commission awarded compensation in accordance with its findings at the rate of $10 per week for a period of time not to exceed 300 weeks.

For the purpose of reviewing and vacating the award thus made, the respondent has instituted this case in this court urging that the Commission was without jurisdiction or power to vacate, modify, or change the award made on the 24th day of January, 1930, which award was based upon stipulation and receipt of the parties to the controversy, for the reason that the order of October 17, 1931, does not specifically find that there had been a change of condition. In the previous appeal of this cause, this court held that it was essential that the claimant establish and the Commission find that there had been a change in claimant's condition as a result of the accidental injury received. An examination of the record discloses that the testimony introduced by the claimant amply supported the view that there had been a progressive change for the worse in his condition and that he is now suffering from a permanent partial disability. The order sought to be vacated, however, does not recite in so many words that there had been a change in condition, and it is upon the failure of the Commission to incorporate in the order such specific recital that the respondent relies for a vacation of the order in this court. This contention on the part of the respondent is not well taken, for the reason that in the previous order of the Commission approving the stipulation and receipt the Commission found, in effect, that the claimant's disability was temporary total only. The evidence discloses a progressive change in condition, and the Commission in the order now before us specifically found the existence of a permanent partial disability, which, when compared with the previous finding of the Commission shows that the disability of the claimant has changed from temporary total to permanent partial. Thus the finding by the Commission of the existence of permanent partial disability in the last order made is ipso facto a determination that there has been a change of condition. Loffland Bros. v. Velvin, 152 Okla. 83, 3 P. (2d) 855.

The respondent and insurance company also urge that the award of the Commission should be vacated for the reason that the disability of the claimant as found to exist by the Commission falls within the specific schedule for the loss of, or loss of use of a specific member of the human body provided by subdivision 3 of section 7290, C. O. S. 1921, and that the State Industrial Commission committed error in awarding compensation under the residuary clause of 7290, supra. In this connection an examination of the order in question reveals that the disability found to exist is described as an injury to the right ankle, hip, and leg of the claimant. The contention made by the respondent is settled adversely to the respondent by the former decision of this court, which is the law of the case. In the previous appeal, in connection with this cause, this court said:

"So, in this case, we hold that the claimant, receiving injuries to his ankle, leg, and hip, was entitled to compensation within the residuary clause of statute * * * allowing two-thirds of difference between average weekly wages before injury and wage-earning capacity thereafter."

The facts in connection with this contention were fully discussed in the former opinion and the reasons for the above holding are stated therein, and we deem it unnecessary to further consider the facts in connection therewith.

It is the opinion of this court that the contentions of the respondent are without merit and that the award of the Industrial Commission in favor of the claimant should be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. ANDREWS, J., absent.