## MAGNOLIA PIPE LINE CO. v. SMITH et al.

No. 24419.   Oct. 24, 1933.

Rehearing Denied Feb. 20, 1934.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Warren B. Phillips, for respondents.

McNEILL, J. This is an appeal from an order and award of the State Industrial Commission made on December 28, 1932.

The Commission found that respondent was in the employ of petitioner and engaged in a hazardous occupation as defined by the Workmen's Compensation Law; that the respondent, on October 19, 1932, while in such employment received an accidental personal injury, the nature of said injury being a strained back while lifting on a six-inch pipe line; and that on December 28, 1932, by reason of said accidental injury, claimant was temporarily totally disabled from October 19, 1931, to January 1, 1932, for which respondent was paid compensation in the total sum of $134.60. The Commission also found that, as a result of said accidental injury, respondent was permanently partially disabled from January 2, 1932, to March 1, 1932, during which period of time he worked and received wages; that since March 1, 1932, respondent had been permanently partially disabled and his wage-earning capacity had decreased from $3.50 per day to $1 per day, by reason of his permanent partial disability, and that he was entitled to compensation for 66 2/3 per centum of the difference between his average daily wages at the time of the accidental injury and his wage-earning capacity since March 1, 1932, in the sum of $2.50 per day, payable during the continuance of said permanent partial disability, not to exceed 300 weeks.

Petitioner urges the following propositions:

"Proposition 1.

"That said award is contrary to law, and there is no competent evidence reasonably tending to support the findings of the Commission in its order of the 28th of December, 1932, as said Commission made an order on the 6th day of January, 1932, awarding permanent partial disability in this case, and as said cause should not be reopened unless there was a change of condition of said claimant. The Commission, in its order of December 28, 1932, makes an original order as though the order of January 6, 1932, had not been made in this cause, and does not refer to it in its order of the 28th day of December, 1932. The order of January 6, 1932, was not appealed from. The only grounds for reopening this case would be on a change of condition. The motion to reopen the same does not state a change of condition, no fraud is alleged in the issuance of the order of January 6, 1932, and the Commission in its last order did not find a change of condition. Therefore, said last order was illegal and is void and of no force and effect.

"Proposition 2.

"There was no competent evidence reasonably tending to support the findings of the State Industrial Commission, as there was no testimony showing that the claimant was suffering from any disability on account of said alleged injury, and no testimony showing that there was a change of condition in the claimant between the issuance of the order of January 6, 1932, and the order of December 28, 1932."

There is really only one question for our consideration, and that is whether or not the respondent was entitled to an award for permanent partial disability due to the original injury. Expert testimony was offered to the Commission on behalf of respondent and by petitioner. This evidence is conflicting. The original injury is admitted and compensation was paid for temporary total disability. It was not necessary to plead or prove a change of condition to establish an award for permanent partial disability attributable to the original injury. Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738; Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424; Magnolia Petroleum Co. v. Nalley, 156 Okla. 156, 10 P. (2d) 249; Loffland Bros. Drilling Co. v. State Industrial Commission, 157 Okla. 78, 10 P. (2d) 1096; Hamilton & Hartman v. Badgett, 164 Okla. 31, 22 P. (2d) 350.

Suffice it to say that there is competent evidence based upon the testimony of respondent and expert testimony to support the award for permanent partial disability. Award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and OSBORN, JJ., concur. CULLISON, V. C. J., and BAYLESS, BUSBY, and WELCH, JJ., absent.

On Rehearing.

McNEILL, J. Petitioner urges upon rehearing that this court overlooked a question decisive of this case in that the Commission when it made its award on December 28, 1932, finding that respondent was permanently partially disabled, failed to take into consideration its order of January 6, 1932, approving an agreement which had been entered into and filed with the Commission on the same date between petitioner and respondent. This agreement provided that said respondent and said petitioner had agreed upon six weeks' temporary total disability and upon one week and four days from December 7, 1931, to December 18, 1931, as permanent partial disability for a strain of the lower back of respondent.

Petitioner attached to its petition for rehearing a copy of said agreement on form No. 14, entitled "Agreement between employer and employee as to the facts with relation to an injury and payment of compensation therefor," which, in part, is as follows:

"We, Loy D. Smith * * * residing at Wewoka, Okla., * * * and Magnolia Pipe Line Company * * * have reached an agreement in regard to the facts with relation to an injury sustained by said employee, and submit the following statement of facts relative thereto:

"1. Said injury was sustained on October 19, 1931, 4:45 p. m.

"2. Nature of injury lower left back sprained.

"3. Period of disability: From 10-19-31 to 12-18-31.

"4. Employee's daily wage at time of injury: $3.50.

"5. Permanent, total or partial disability (if injury has caused a permanent disability give accurate description of same). Claimant contends that he has a partial disability to lower left back, sprained moderately severe; that he has been paid 6 weeks' temporary total and has agreed upon 1 week and 4 days from 12-7-31 to 12-18-31 as the permanent partial disability. It is understood that the report of the Von Wedel Clinic

dated Dec. 9, 1931, may be made a part of the testimony in this case. * * *

"The foregoing agreement is herewith submitted for the order, decision or award of said Commission, under the provisions of section 7, chapter 61, Compiled Statutes of Oklahoma 1921. It is a condition, however, of this agreement that in the event a change in conditions occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by section 7296, Compiled Oklahoma Statutes 1921."

The order of January 6, 1932, in part, is as follows:

"Now, on this 6th day of January, 1932, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to an agreement entered into by and between the parties hereto, as to the facts with relation to an injury and payment of compensation therefor, by the terms of which claimant is to receive compensation for one week and four days at $13.46 per week, amounting to $22.-42, plus compensation paid for temporary total disability from October 26, 1931 to December 7, 1931, being six weeks at $13.46, making a total of $103.18 in settlement of this cause being for temporary total disability and permanent partial disability of claimant's lower left back resulting from an accidental injury sustained by claimant on the 19th day of October, 1931. The Commission after reviewing said agreement, all reports on file, and the testimony taken in this cause on the 6th day of January, 1932, at Oklahoma City, Okla., and being otherwise well and sufficiently advised in the premises, is of the opinion that said agreement should be approved. It is also agreed between the parties hereto that respondent is to pay claimant $12.50 expense of three trips to Oklahoma City.

"It is, therefore, ordered: That the agreement entered into by and between the parties herein providing for the payment of compensation at the rate of $13.46 per week for a period of one week and four days, amounting to $22.42, be and the same is hereby approved for permanent partial disability to the claimant, and the finding as to permanent partial disability to claimant is hereby approved."

Dr. George H. Kimball testified on January 6, 1932, as follows:

"Q. Doctor, is this man suffering from any disability due to the accident, at this time? A. No, I do not think he is. At that time I thought that within one week or two weeks he would be completely healed. This was my opinion on December 9, 1931."

The report of Dr. Von Wedel, dated December 9, 1931, stated the following:

"Believe this man has very little if any-thing wrong with his back at the present time. It is true that he complains a great deal, but physical examination fails to disclose any reason for his complaints. Believe that he has practically reached his healing period and would say that he will be entirely well within a week or two. He has no disability whatsoever."

January 6, 1932, the respondent testified as follows:

"A. You paid me up until the 6th. Q. The doctor has released you as of the 18th, and I have paid you up until that time. A. Yes, sir. Q. Is that satisfactory? A. Well, it is satisfactory, providing I can go ahead and do the work like I ought to. Like I said this morning it still bothers me some times. Q. In what way? A. The aching still bothers me. I don't know if I could go ahead and work or not, but I am going to try to. Q. You haven't tried yet? A. No, sir."

There was no evidence of permanent partial disability, expert or nonexpert, at the time of the approval of said agreement. The report of Dr. Von Wedel was to the effect that respondent has practically reached his healing period and would be entirely well within a week or two. Under this report of December 9, 1932, the healing period would end within a week or two. Dr. Kimball was of the same opinion. Such medical expert testimony forms no basis for an award for permanent partial disability. Disability during the healing period should be compensated as temporary total disability or temporary partial disability, in accordance with the facts. Before there can be any award for permanent injury, permanent partial or permanent total, resulting from an injury to the back, which falls within the classification of "other cases," section 7290, C. O. S. 1921, there must be medical expert testimony to support such disability. See Forrest E. Gilmore Co. v. Hurry, 165 Okla. 29, 24 P. (2d) 653; Jones v. Sechten, 131 Okla. 155, 268 P. 201; Warren City Tank Co. v. Millham, 132 Okla. 244, 270 P. 85; Dillon v. Spanhanks, 139 Okla. 32, 280 P. 1100; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Williams Bros. v. Commission, 158 Okla. 171, 12 P. (2d) 896; Humble Oil & Refining Co. v. Noble, 161 Okla. 35, 16 P. (2d) 1072; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. (2d) 378.

The Commission had no authority to make an award for permanent partial disability in the absence of medical testimony to support the same. Compensation could only be determined in the manner provided by law.

Compensation for permanent partial disability is made under the third subdivision of section 7290, C. O. S. 1921, as amended by chapter 61, section 6, Session Laws 1923, and where such permanent partial disability does not come under the specific members mentioned therein it falls within the classification of "other cases." The proper basis for an award for such disability is 66⅔ per cent. of the difference between present average weekly wages and the subsequent wage-earning capacity, to continue during such partial disability not to exceed 300 weeks. The award for permanent partial disability under the record in this case was contrary to law.

On the face of this record, there could be no permanent partial disability for one week and four days. It was the duty of the Commission to make and enter a proper award. The record shows that respondent was paid on the basis of temporary total disability. See Dailey, Crawford & Pevetoe v. Rand, 155 Okla. 229, 8 P. (2d) 738. We think the fair import of the record is that the Commission treated that portion of the agreement relating to permanent partial disability as compensation for temporary total disability, though it was denominated as permanent partial disability. Permanency for a period of eleven days is not consistent within the meaning of that term.

Respondent in his motion to reopen stated that his condition had changed. The Commission by its award of December 28, 1932, did not expressly find a change of condition.

Had the medical expert testimony shown at the time of the approval of aforesaid form No. 14, on January 6, 1932, that respondent had sustained a permanent partial disability for a period of eleven days, which it does not, then there would be ground for the contention of petitioner that there must be a change of condition before the Commission would have been authorized to make a further award for permanent partial disability. However, it is not necessary for an order of the Commission to recite that there has been a change in condition for the worse, if, in fact, the record affirmatively shows by competent evidence that there has been such a change. The failure to incorporate such finding in an order is not sufficient grounds to vacate the same. See White Oak Refining Co. v. Whitehead, 164 Okla. 57, 22 P. (2d) 910. There is in this record competent evidence to show that the disability of respondent at the time of the rendition of said award on the 28th day of December, 1932, was permanent partial disability, and that there had been a change in condition since aforesaid approval of agreement of January 6, 1932.

The order of January 6, 1932, awarded compensation at $13.46 per week for eleven days, being the rate of compensation which the respondent received for temporary total disability. This indicates that the portion of the said award designated as permanent partial for eleven days' compensation was not calculated under "other cases," or as temporary partial disability. The physicians considered this period of one week and four days as a healing period, and, in view of such testimony and the testimony of respondent, it is apparent that the disability during that period was temporary total. Although the Commission approved compensation for temporary total disability and erroneously styled the compensation for one week and four days as permanent partial, and ordered compensation to be paid at the same rate for both kinds of designated disability, yet this does not change the character of the disability. The record shows the disability and it is not what the Commission may erroneously style it to be. The original order of January 6, 1932, approving compensation for six weeks' temporary total disability and eleven days for permanent partial disability is construed under this record as an award for temporary total disability only, and it was not necessary to plead, or prove, or for the Commission to specifically find, that there had been a change in condition to support an award for permanent partial disability, resulting from the accidental original injury.

Rehearing is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and BUSBY, JJ., concur.

BAYLESS and WELCH, JJ., absent.