### AMERADA PETROLEUM CORPORATION v. WHITE et al.

No. 26779.   Jan. 26, 1937.

Pierce & Rucker, for petitioner.

M. J. Parmenter and Mac Q. Williamson, Atty. Gen.. for respondents.

PER CURIAM. This is an original proceeding in this court brought by Amerada Petroleum Corporation, as petitioner, to obtain the review of an award made by the State Industrial Commission in favor of Zack White.

A brief resume of the record herein reveals that on December 15, 1934, the State Industrial Commission found that the respondent had sustained a compensable accidental injury while in the employment of the petitioner, and was thereby temporarily and totally disabled from February 14, 1934, to October 2, 1934, and awarded compensation accordingly. The petitioner complied with this order and award. In January and February, 1935, the respondent filed

separate motions with the commission requesting a determination of his permanent disability. After hearings held thereon the commission found that the evidence was insufficient to establish any permanent disability, and by order of March 27, 1935, denied respondent's claim in this respect. After motion for review and oral argument thereon the commission, by order of April 8, 1935, affirmed its previous order. On May 8, 1935, the respondent again requested the commission to reopen the cause upon an alleged change of condition for the worse as a result of his accidental injury on February 14, 1934. Hearings were held on this application, and on October 17, 1935, the commission entered its order and award which we are now called upon to review. The pertinent provisions of this award are as follows:

"1. That on the 14th day of February, 1934, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to his side, back and right knee, when he fell off a band wheel on concrete floor.

"2. That the average daily wage of the claimant at the time of his injury was $3.75 per day.

"3. That by reason of the accidental injury claimant was awarded temporary total compensation from February 16, 1934, to October 2. 1934. or 32 weeks beyond the five-day waiting period, in the commission's order dated December 15, 1934; and that thereafter in the commission's order on March 27, 1935, claimant was denied any compensation for permanent disability for the reason that the evidence was insufficient to show any permanent disability as a result of the accidental injury of February 14, 1934.

"4. That since that time the claimant has had a change of condition for the worse, and that he has been temporarily and totally disabled from the performance of manual labor from April 27, 1935, up to the present time and still is disabled from performance of ordinary manual labor.

"Upon consideration of the foregoing facts: The commission is of the opinion that the claimant herein is entitled to $360.50, being compensation for temporary total disability at the rate of $14.42 per week computed from April 27. 1935. to and including October 18. 1935, or a period of 25 weeks. and that the claimant is entitled to receive compensation at the rate of $14.42 until his period of temporary total disabil-

ity has ceased or until otherwise ordered by the commission."

Although petitioner assigns seven specifications of error, it rests its case upon the following proposition.:

"The State Industrial Commission is without authority to reopen a cause and grant an award for compensation after a prior determination unless the evidence supports and the commission finds a change of conditions resulting in a disability due to the original injury."

Petitioner urges that, since the respondent in his motion to reopen the cause sought a determination of permanent disability, thereby the commission was confined to a determination of that issue vel non and cou'd not make an award on any other basis. In this assumption the petitioner is mistaken. In the case of Prairie Oil & Gas Co. v. King, 109 Okla. 213, 235 P. 522, we said:

"Under section 7296, Comp. St. 1921, the jurisdiction of the State Industrial Commission to review its award is not dependent upon the form or substance of the application for such review, since, by statute, it may review its awards on its own motion."

See, also, Shawnee Morning News v. Thomas, 125 Okla. 155, 256 P. 937. The commission has plenary power to reopen a cause upon change of condition. Amerada Pet. Corp. v. Whitley, 156 Okla. 248, 10 P. (2d) 683; Skelly Oil Co. v. Goodwin, 158 Okla. 288, 13 P. (2d) 135.

Neither does a prior award for temporary tota' disability preclude a subsequent award for another period of temporary total disability where such is the result of the original accidental injury. As we have said in Coline Oil Corp. v. Clark, 161 Okla. 195, 196, 17 P. (2d) 372, 373:

"The contention of petitioner that the fact of an award having been made claimant for temporary total disability by reason of his leg and hip disability now operates as a bar to an award for temporary total disability by reason of the cerebral hemorrhage which caused the partial paralysis of leg and hip, and later the impairment of claimant's mind, cannot stand, in view of this court's holding in Campbell & Parker v. LaFette, 155 Okla. 51, 7 P. (2d) 678. In that case claimant was awarded compensation for temporary total disability by reason of a change in conditions subsequent to a prior award for temporary total disability, and the award was by this court affirmed."

See, also, Oklahoma Ry. Co. v. Crabtree, 154 Okla. 196, 7 P. (2d) 477.

Petitioner further urges, however, that the award of the commission herein must of necessity be predicated upon the fourth finding therein, and that, since neither this finding of fact nor any other finding of fact expressly found that the disability for which the award was made was due to respondent's original injury, therefore the award is fatally defective. In support of this contention we are cited to the case of K. D. Oil Co. v. Datel, 145 Okla. 264, 292 P. 564; Eagle Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907; Skelly Oil Co. v. Thomas, 147 Okla. 86, 295 P. 213. None of the above-cited cases support the contention advanced; on the contrary, as said in K. D. Oil Co. v. Datel, supra:

"In order to reopen a case and award further compensation upon account of change of condition, the claimant must establish before the Industrial Commission that there has in fact been a change of condition since the original award was made, and, further, that same was due to the original injury."

It will be noted that in the above case, as well as in the other cases cited, the burden resting upon a claimant seeking to reopen a case upon a change of condition is declared. Nowhere is it required that the commission make specific finding of the facts of which the claimant is required to make proof. In this connection it is interesting to note that in Magnolia Pipe Line Co. v. Smith, 167 Okla. 316, 319, 29 P. (2d) 569, 572, we held:

"However, it is not necessary for an order of the commission to recite that there has been a change in condition for the worse, if, in fact, the record affirmatively shows by competent evidence that there has been such a change. The failure to incorporate such finding in an order is not sufficient grounds to vacate the same. See White Oak Refining Co. v. Whitehead, 164 Okla. 57, 22 P. (2d) 910."

And as said in Coline Oil Corp. v. Clark, supra:

"The failure of the commission to make an affirmative finding of a change in conditions did not constitute reversible error, in view of the holding of this court that a general finding in favor of c'aimant is, in effect, a favorable finding on each and every special matter necessary to support the general finding. Wentz v. Brookshire, 150 Okla. 92, 300 P. 652."

The petitioner concedes that the respondent introduced evidence before the commission which might tend to support the theory that the acute infection which the claimant had in his knee in 1935 had some causal connection with the accident which he sustained in February, 1931. However, petitioner urges that, since there was evidence to the contrary, it was essential that the commis-

sion make a specific finding in this respect. We do not agree with this contention. Under the record and the concessions made by the petitioner, there was competent evidence before the commission on which to base such finding, and under such circumstances its findings are sufficient. As we have said in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847:

"A general finding of the Industrial Commission in favor of the respondent was a finding of fact, and such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

So here we hold that the general findings of the commission were sufficient, and since the award is reasonably supported by competent evidence and no error of law is shown, this court will not disturb the action of the commission.

Award sustained.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.